UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

JAY CONNOR, individually
and on behalf of a class of all persons and
entities similarly situated,

    Plaintiff,

vs.

MY DOCTORS LIVE, LLC,
JORANT WELLNESS LLC,
and HEALTH AND LIFE
NETWORKING LLC

    Defendants.

Case No. 2:24-cv-06361-DCN

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff Jay Connor brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

3. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Connor's was prior to receiving the call.

4. Mr. Connor alleges that Jorant Wellness LLC and Health and Life Networking LLC made telemarketing calls on behalf of My Doctors Live, LLC.

5. Mr. Connor and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Connor brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

6. A class action is the best means of obtaining redress for the Defendants' wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Jay Connor resides in Charleston, South Carolina.

8. Defendant Jorant Wellness LLC is a limited liability company.

9. Defendant Health and Life Networking LLC is a limited liability company.

10. Defendant My Doctors Live, LLC is a limited liability company.

## Jurisdiction & Venue

11. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendants.

12. The Court has specific personal jurisdiction over the Defendants because the calls at issue were made by Jorant Wellness and Health and Life Networking into this District. Furthermore, the court has personal jurisdiction over My Doctors Live because it participated in the telemarketing calls at issue and directed them into this District.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Mr. Connor—occurred in this District.

**Statutory Background**

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

15. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The SCTPPA

20. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

21. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

22. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

**Factual Allegations**

Call to Mr. Connor

23. Mr. Connor is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24. Mr. Connor received the calls at issue to his XXX-557-5724 number.

25. That is a residential telephone line.

26. That line is used for personal calls.

27. The number called had been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

28. Health and Life Networking LLC made telemarketing calls to Mr. Connor on behalf of My Doctors Live on September 24 (twice), 25, 26 and October 3, 2024.

29. The calls began with Health and Life Networking LLC identifying themselves as "Genetic Testing".

30. During the subsequent sales pitch, Mr. Connor was informed that he was going to be connected to "his Doctors team".

31. This was a reference to My Doctors Life.

32. When transferred, My Doctors Life promoted their medicine services and asked to bill Mr. Connor's health insurance for the call.

33. Mr. Connor asked to receive no more calls on the first September 24, 2024 call.

34. However, he still received the subsequent calls.

35. Jorant Wellness LLC made telemarketing calls to Mr. Connor on behalf of My Doctors Live on October 11 and 17, 2024.

36. The calls began with Jorant Wellness LLC identifying themselves as "United Screening Center"

37. During the subsequent sales pitch, Mr. Connor was informed that he was going to be connected to My Doctors Life so they could sell him a genetic screening test and bill his insurance for it.

38. When he was attempted to be transferred My Doctors Life indicated that their call representatives were busy and the call terminated.

39. Prior to the filing of the lawsuit, counsel for the Plaintiff sent a letter to all Defendants regarding the calls alleged herein.

40. The Defendants did not deny making those calls or otherwise respond.

**Class Action Allegations**

43. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

44. The classes of persons Plaintiff propose to represent are tentatively defined as:

NATIONAL DO NOT CALL REGISTRY CLASS:

> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

SCTPPA CLASS:

> All persons with a South Carolina area code to whom (a) at any time from May 18, 2018 (b) Defendants, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

45. Excluded from the classes are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47. The potential class members number at least in the thousands, since telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of both classes.

49. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Whether the Defendants violated the TCPA by making multiple telemarketing calls to individuals on the National Do Not Call Registry

   b. Whether the Defendants placed calls without obtaining the recipients' prior consent for the call;

   c. Whether the Defendants violated the SCTPPA by making calls to South Carolina telephone numbers registered with the National Do Not Call Registry; and

   d. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

  50. Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendants and are based on the same legal and remedial theories.

  51. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  52. In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

  53. The actions of the Defendants are generally applicable to the classes and to the Plaintiff.

  54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

  55. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

**Count One:**

**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58. Defendants' violations were negligent, willful, or knowing.

59. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

**Count Two:**
**Violation of the SCTPPA**

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

62. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

**Relief Sought**

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed classes;

B. Appointment of the Plaintiff as representatives of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 7th day of November, 2024.

              PLAINTIFF,
              By his attorneys,

          By: *s/ Dave Maxfield*
              David A. Maxfield, Fed ID 6293
              P.O. Box 11865
              Columbia, SC 29211
              803-509-6800
              855-299-1656 (fax)
              dave@consumerlawsc.com

              Anthony I. Paronich
              Paronich Law, P.C.
              350 Lincoln Street, Suite 2400
              Hingham, MA 02043
              (508) 221-1510

anthony@paronichlaw.com