UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAY CONNOR, individually, and on behalf of a class of all persons and entities similarly situated, | : : : |
| Plaintiff, | : Case No.: 2:24-cv-06361(DCN) : : |
| -against- | : : |
| MY DOCTORS LIVE, LLC, JORANT WELLNESS LLC, And HEALTH AND LIFE NETWORKING LLC, | : **ANSWER AND AFFIRMATIVE** : **DEFENSES OF DEFENDANT** : **JORANT WELLNESS LLC TO** : **PLAINTIFF JAY CONNOR'S** : **COMPLAINT** : |
| Defendants. | : : |

Defendant Jorant Wellness LLC ("Jorant" or "Answering Defendant"), appearing by and through its attorneys, Offit Kurman, P.A. ("OKP"), by way of Answer with Affirmative Defenses to the complaint (the "Complaint") of plaintiff Jay Connor ("Plaintiff"), says:

**Responses to Preliminary Statement**

1.   To the extent that the allegations contained in paragraph "1" of the Complaint calls for a legal conclusion, no response is required. To the extent response is required, Jorant admits that Plaintiff purports to bring a claim for the violation of the Telephone Consumer Protection Act ("TCPA") codified under 47 U.S.C. § 227, *et seq.*, but denies any knowledge or information sufficient to form a belief as to the allegations regarding the purpose of the TCPA and denies that Jorant committed a violation.

2.   To the extent that the allegations contained in paragraph "2" of the Complaint calls for a legal conclusion, no response is required. To the extent response is required, Jorant admits that Plaintiff purports to bring a claim for the violation of the South Carolina Telephone Privacy

1

Protection Act ("SCTPPA") codified under South Carolina Code § 37-21-10, *et seq.*, but denies any knowledge or information sufficient to form a belief as to the allegations regarding the purpose of the SCTPPA and denies that Jorant committed a violation.

3. To the extent that the allegations contained in paragraph "3" of the Complaint calls for a legal conclusion, no response is required. Jorant further refers the Court to the text of the applicable statute which speaks for itself. To the extent response is required, Jorant admits that, in its reading of the SCTPPA, it apparently does contain such language, but denies any knowledge or information sufficient to form a belief as to the status of Plaintiff's phone number, and leaves Plaintiff to his proofs and respectfully refers all questions of law to the Court

4. Jorant admits the allegations contained in paragraph "4" of the Complaint only to the extent that it applies to Joarant and that Jorant caused telemarketing calls to be made, but otherwise denies any knowledge or information sufficient to form a belief as to the remaining allegations.

5. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint and refers all questions of law to the Court.

6. The allegations contained in paragraph "6" of the Complaint calls for a legal conclusion, and therefore no response is required. To the extent response is required, Jorant denies any knowledge or information sufficient to form a belief as to said allegations.

**Responses to Parties**

7. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Jorant admits the allegations contained in paragraph "8" of the Complaint.

9. Jorant denies any knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "9" of the Complaint, but admits that the name of the party contains the suffix "LLC".

10. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint, but admits that the name of the party contains the suffix "LLC".

## Responses to Jurisdiction & Venue

11. The allegations contained in paragraph "11" of the Complaint calls for a legal conclusion, and therefore no response is required. To the extent response is required, Jorant admits a claim under the TCPA confers Federal Question jurisdiction and a claim under the SCTPPA may be brought with a TCPA claim invoking supplemental jurisdiction.

12. To the extent that they apply to Joarant, Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint and reserves all rights with respect to personal jurisdiction analysis and with respect to the other parties, denies any knowledge or information sufficient to form a belief as to said allegations.

13. To the extent that the allegations contained in paragraph "13" of the Complaint calls for a legal conclusion, no response is required. To the extent response is required, Jorant denies any knowledge or information sufficient to form a belief as to such allegations.

## Responses to Statutory Background

14. In response to paragraph "14" of the Complaint, Jorant respectfully refers the Court to the materials referred to which speak for themselves and otherwise denies any knowledge or information sufficient to form a belief as to said allegations.

The National Do Not Call Registry

3

15. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16. The allegations contained in paragraph "16" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself.

17. The allegations contained in paragraph "17" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself.

18. In response to paragraph "18" of the Complaint, Jorant respectfully refers the Court to the section alleged which speaks for itself.

19. The allegations contained in paragraph "19" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself.

<u>The SCTPPA</u>

20. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint, but, upon information and belief, admits that it was signed sometime in May 2018.

21. The allegations contained in paragraph "21" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself.

22. The allegations contained in paragraph "22" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself. Jorant denies Plaintiff is entitled to any damages.

**Responses to Factual Allegations**

Call to Mr. Connor

23.     In response to paragraph "23" of the Complaint, Jorant respectfully refers the Court to the section alleged which speaks for itself.

24.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint.

25.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint.

27.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint.

28.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint.

29.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint.

30.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint.

31.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the Complaint.

32.     Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33.     Jorant denies any knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "33" of the Complaint.

34. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint in that it cannot identify the existence of one or more calls that are alleged on the alleged particular dates to the referenced number.

36. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint, but admits that it has identified itself as "United Screening Center."

37. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint as Jorant is unfamiliar with an entity or individual known as My Doctors Life and cannot comprehend what Plaintiff is referring to when alleging "subsequent sales pitch."

38. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint, but does not contest the allegation that Plaintiff was never connected, as the result of a call with Jorant, with anyone who could sell Plaintiff anything.

39. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint, but admits receiving a letter on behalf of Plaintiff prior to the filing of this lawsuit.

40. Jorant denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

**Responses to Class Action Allegations**

41. The Complaint contains no paragraph "41" and therefore no response is required.

42. The Complaint contains no paragraph "42" and therefore no response is required.

43. Jorant admits that Plaintiff purports to bring claims on behalf of himself and a class of similarly situated individuals, but Jorant denies that any class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified.

44. Jorant admits that Plaintiff purports to bring claims on behalf two defined classes of similarly situated individuals, described by Plaintiff as the "National do not Call Registry Class" and the "SCTPPA Class," but Jorant denies that either or any such class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified.

45. Jorant denies that either or any such class exists, denies that Plaintiff can maintain this action as a class action, and denies that the class as alleged can be certified, but otherwise does not contest the exclusions set forth in paragraph "45" of the Complaint.

46. Jorant denies the allegations contained in paragraph "46" of the Complaint.

47. Jorant denies the allegations contained in paragraph "47" of the Complaint.

48. Jorant denies the allegations contained in paragraph "48" of the Complaint.

49. Jorant denies the allegations contained in paragraph "49" of the Complaint including subparagraphs "49(a)" through "49(d)" of the Complaint.

50. Jorant denies the allegations contained in paragraph "50" of the Complaint.

51. Jorant denies the allegations contained in paragraph "51" of the Complaint.

52. Jorant denies the allegations contained in paragraph "52" of the Complaint, but any knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's state of mind.

53. Jorant denies the allegations contained in paragraph "53" of the Complaint.

54. Jorant denies the allegations contained in paragraph "54" of the Complaint.

55. Jorant denies the allegations contained in paragraph "55" of the Complaint.

### Responses to Legal Claims

### Count One

56. In response to of paragraph "56" of Count One of the Complaint, Jorant repeats and realleges each of the foregoing paragraphs.

57. Jorant denies the allegations contained in paragraph "57" of the Complaint, but respectfully refers the Court to the statute alleged in this paragraph which speaks for itself.

58. Jorant denies the allegations contained in paragraph "58" of the Complaint.

59. Jorant denies the allegations contained in paragraph "59" of the Complaint.

### Count Two

60. In response to of paragraph "60" of Count Two of the Complaint, Jorant repeats and realleges each of the foregoing paragraphs.

61. In response to of paragraph "61" of the Complaint, Jorant respectfully refers the Court to the statute alleged which speaks for itself, but denies that it has violated the SCTPPA.

62. The allegations contained in paragraph "62" of the Complaint calls for a legal conclusion, and therefore no response is required. Further Jorant respectfully refers the Court to the section alleged which speaks for itself. Jorant denies Plaintiff is entitled to any damages or that it has violated the SCTPPA.

### Relief Sought

63. To the extent a response is deemed necessary, Jorant denies Plaintiff is entitled to any of the relief sought, either individually or on behalf of any class which he purports to represent.

## JORANT'S AFFIRMATIVE DEFENSES

64. The following defenses are based on Jorant's knowledge, information, and belief at this time. Jorant specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts in the Complaint, Jorant asserts and alleges the following affirmative defenses. By setting forth these defenses, Jorant does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### As And For A First Affirmative Defense

65. **Calls Not "Telemarketing" or Advertising."** The phone calls allegedly made to Plaintiff and any members of the putative class were not "telemarketing" or "advertising" and, as such, the prior express written consent of Plaintiff and/or any members of the putative class was not required under the TCPA.

66. Furthermore, there are no allegations in the complaint of "telemarketing" or "advertising" as against Jorant. The Complaint, at ¶ 38, specifically says that the alleged telemarketers were busy and therefore no "telemarketing" or "advertising" could have been completed.

### As And For A Second Affirmative Defense

67. **No ATDS or Prerecorded Voice.** The phone calls allegedly made to Plaintiff and any members of the putative class were not sent using an automatic telephone dialing system or prerecorded voice.

### As And For A Third Affirmative Defense

68.  **Ratification.** The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any members of the putative class acquiesced to any conduct engaged in by Jorant.

### As And For A Fourth Affirmative Defense

69.  **Waiver.** The claims of Plaintiff and any members of the putative class are barred by the doctrine of waiver.

### As And For A Fifth Affirmative Defense

70.  **Estoppel.** The claims of Plaintiff and any members of the putative class are barred, in whole or in party, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

### As And For A Sixth Affirmative Defense

71.  **TCPA Unconstitutional.** The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment and Article I to the United States Constitution, and it is unconstitutional under state law.

### As And For A Seventh Affirmative Defense

72.  **Statute of Limitations.** To the extent the claims of any members of the putative class arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations.

### As And For An Eighth Affirmative Defense

73.  **Good Faith.** The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by Jorant's good faith and/or good faith legal defense. Jorant reasonably believed it had consent to make calls to the numbers of any customers who consented to such

communications. To the extent that calls were made, such calls were not made for reasons of solicitation but instead to provide a service to customers.

### As And For A Ninth Affirmative Defense

74.     **Adequate Remedy at Law.** Injunctive, equitable, and/or declaratory relief is inappropriate because Plaintiff and members of the putative class have an adequate remedy at law.

### As And For A Tenth Affirmative Defense

75.     **Not Willful.** The conduct and/or violations of the law alleged against Jorant are not sufficient to be "willful." To the extent any violation of the TCPA occurred, it resulted from a *bona fide* error, notwithstanding procedures reasonably adapted to avoid such error, and therefore, was not willful or knowing.

### As And For An Eleventh Affirmative Defense

76.     **Suit May Not Proceed as a Class Action.** Jorant alleges that Plaintiff may not maintain this lawsuit as a class action because his purported claim is not sufficiently typical or representative of those of the putative class, his purported claim is adverse to the interest of the members of the putative class, there are no questions of law or fact common to the putative class, common issues of fact and law do not predominate over individual issues, proof particular to each putative class member's claims and defenses thereto will vary widely, damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the putative class, and a class action is not a manageable or superior method for adjudicating the purported claims set forth in the Complaint.

### As And For A Twelfth Affirmative Defense

77.     **No Ascertainability.** Plaintiff may not maintain this lawsuit as a class action because the class cannot be readily ascertained through Jorant's records or any other means.

### As And For A Thirteenth Affirmative Defense

78. **No Administrative Feasibility.** Plaintiff's class definitions do not contain objective criteria that allow for class members to be identified in an administratively feasible way.

### As And For A Fourteenth Affirmative Defense

79. **No Numerosity.** Plaintiff may not maintain this lawsuit as a class action because the actual class is not sufficiently numerous.

### As And For A Fifteenth Affirmative Defense

80. **No Typicality.** Plaintiff may not maintain this lawsuit on behalf of a class because there is not a sufficient nexus between the claims of Plaintiff and those of the class at large.

### As And For A Sixteenth Affirmative Defense

81. **Standing.** Plaintiff lacks standing to assert the claims alleged in the Complaint.

### As And For A Seventeenth Affirmative Defense

82. **Failure to State a Claim for Injunctive Relief.** Plaintiff has failed to state a claim for injunctive relief.

### As And For An Eighteenth Affirmative Defense

83. **Failure to State a Claim for Declaratory Relief.** Plaintiff has failed to allege facts from which it appears there is a substantial likelihood he will suffer injury in the future.

### As And For A Nineteenth Affirmative Defense

84. **Non-Delegation Doctrine.** The TCPA represents an unconstitutional delegation of authority from Congress and is unenforceable pursuant to the non-delegation doctrine.

### As And For A Twentieth Affirmative Defense

85. **Prior Express Invitation or Permission.** Plaintiff and the putative class are barred, in whole or in part, from asserting their claims because they provided Jorant with the requisite

"prior express invitation or permission" to receive telephone calls of the type about which the Complaint complains.

### As And For A Twenty-First Affirmative Defense

86.     **Unclean Hands.** Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, to the extent they are subject to the doctrine of unclean hands.

### As And For A Twenty-Second Affirmative Defense

87.     **Failure to Mitigate Damages.** To the extent that Plaintiff and the putative class members suffered any damages, Plaintiff and the putative class members failed to take any and all reasonable actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

### As And For A Twenty-Third Affirmative Defense

88.     **No Proximate Cause.** Jorant did not proximately cause any damage, injury, or violation alleged in the Complaint.

### As And For A Twenty-Fourth Affirmative Defense

89.     **Established Business Relationship.** The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent they maintained an established business relationship with the caller.

### As And For A Twenty-Fifth Affirmative Defense

90.     **Safe Harbor.** The claims of Plaintiff and the putative class are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses. Jorant's actions are protected by the TCPA's statutory safe harbor provision, 47 C.F.R. § 64.1200(c)(2), because Jorant's conduct meets the standards set forth by that provision.

### As And For A Twenty-Sixth Affirmative Defense

91.     **Response to Customer Inquiry/Request.** The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent that the calls at issue were made in response to a customer inquiry, or request to be called.

### As And For A Twenty-Seventh Affirmative Defense

92.     **Negligence.** Plaintiff and the putative class's claims are barred because their alleged damages are the result of their own negligence.

### As And For A Twenty-Eighth Affirmative Defense

93.     **Failure to Join all Necessary Parties.** The claims of Plaintiff and the putative class are barred to the extent they have failed to join all necessary parties.

### As And For A Twenty-Ninth Affirmative Defense

94.     **No Actual Harm.** The claims of Plaintiff and the putative class are barred, in whole or in part, because they have not been harmed by any alleged acts of Jorant.

### As And For A Thirtieth Affirmative Defense

95.     **Mobile Phones.** To the extent that the sections of the TCPA at issue do not apply to mobile phones, Plaintiff's claims fail.

### As And For A Thirty-First Affirmative Defense

96.     **Unjust Enrichment.** Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

### As And For A Thirty-Second Affirmative Defense

97.     **No Liability for Left Message.** Plaintiff's claims are barred in whole or in part to the extent there is no liability for calls to residential lines where the called party did not suffer any

disruption or interruption at the time of the call.

### As And For A Thirty-Third Affirmative Defense

98.     **No Liability for Incomplete Call.** Plaintiff's claims are barred in whole or in part to the extent there is no liability for calls to residential lines where the called was not completed and/or was terminated without any solicitation or advertising.

### As And For A Thirty-Fourth Affirmative Defense

99.     **Laches.** Plaintiff and the putative class's claims are barred, in whole or in part, by the doctrine of laches.

### As And For A Thirty-Fifth Affirmative Defense

100.     **No Private Cause of Action under TCPA Regulations.** Plaintiff and the putative class are not entitled to relief under 47 C.F.R. § 64.1200(d) because there is no private right of action under this regulation.

### As And For A Thirty-Sixth Affirmative Defense

101.     **No Relief under 47 U.S.C. § 227(c)(5).** Plaintiff and the putative class are not entitled to relief under 47 U.S.C. § 227(c)(5) because Plaintiff did not make any alleged telephone solicitations to them on their residential telephone lines.

### As And For A Thirty-Seventh Affirmative Defense

102.     **Reasonable Reliance.** The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent Jorant reasonably relied on the consent of and/or lack of opt out by the intended call recipients.

### As And For A Thirty-Eighth Affirmative Defense

103.     **Business Number.** The claims of Plaintiff and the putative classes are barred in whole or in part to the extent their numbers are business numbers, not residential numbers, to

which the TCPA regulations at issue do not apply.

## DEMAND FOR JURY TRIAL

104. Pursuant to Fed. R. Civ. P. 38, Jorant demands a trial by jury on all triable issues.

## JORANT'S PRAYER FOR RELIEF

WHEREFORE, with respect to Plaintiff's Complaint, Jorant respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

a. dismissing the Complaint;

b. ordering that Plaintiff shall receive no relief and shall take nothing by this action;

c. awarding Jorant such attorney's fees and costs as allowable by law; and

d. granting Jorant such other relief as the Court deems just and proper.

Dated this 2nd day of January, 2025.

Respectfully submitted,

*/s/ J. Alexander S. Barrett*
J. Alexander S. Barrett, Esq.
SC State Bar Number 6508
USDC DSC ID Number 13864
OFFIT KURMAN, P.A.
300 N. Greene Street, Suite 200
Greensboro, NC 27401
(336) 232-0650
alex.barrett@offitkurman.com

*/s/ Daniel J. Schneider*
Daniel J. Schneider *(pro hac vice)*
NY Bar Number 4377255
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, New York 10022
(212) 545-1900
daniel.schneider@offitkurman.com

*Attorneys for Defendant Jorant Wellness LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the participants is this case.

    This the 2nd day of January, 2025.

*/s/ J. Alexander S. Barrett*
J. Alexander S. Barrett, Esquire
*Attorney for Jorant Wellness LLC*
